FILED
2024 Feb-05  PM 03:44
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| SHABRIEKA BOTHWELL, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | CIVIL ACTION NO.: |
| v. | ) | |
| | ) | JURY DEMAND |
| AS-2, LLC d/b/a AIRE SERV OF | ) | |
| BIRMINGHAM | ) | |
| | ) | |
| DEFENDANT. | ) | |

## COMPLAINT

### I.    JURISDICTION

1.    The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 and 1343. This is a suit authorized and instituted pursuant to Title VII of the Civil Rights Act of 1964, as amended by, among others, the Pregnancy Discrimination Act.

### II.  PARTIES

2.    Plaintiff, Shabrieka Bothwell, is a female citizen of the United States and is a resident of Ashville, Alabama.

3.    Defendant, AS-2, LLC d/b/a Aire Serv of Birmingham ("AIRE SERV") is a limited liability company doing business in Alabama. At all times relevant to this action, the Defendant has maintained and operated a business in Alabama. Defendant is in an industry affecting commerce and has at least fifteen

1

(15) or more employees and is an employer within the meaning of Title VII of the Civil Rights Act of 1964.

## III.    ADMINISTRATIVE PROCEDURES

4.    Plaintiff hereby adopts and realleges paragraphs one (1) through three (3) herein above as if fully set forth herein.

5.    Plaintiff brings this action for the unlawful employment practices and acts of intentional discrimination that occurred as a result of the actions of AIRE SERV.

6.    This action seeks to redress unlawful employment practices resulting from the acts of Defendant AIRE SERV, its agents, servants, and employees committed with respect to Plaintiff's employment; and for a permanent injunction restraining Defendant AIRE SERV from maintaining a habit and/or practice of discriminating against the Plaintiff and others similarly situated on account of gender discrimination.

7.    On March 1, 2023, within 180 days of the last discriminatory act of which Plaintiff complains, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission (hereinafter "EEOC"). (Exhibit 1, Plaintiff's EEOC Charge).

8.    Plaintiff's Dismissal and Notice of Rights was mailed by the EEOC to the Plaintiff on November 9, 2023, and Plaintiff has filed suit within ninety (90) days

of receipt of her Dismissal and Notice of Rights. (Exhibit 2, Plaintiff's Notice of Right to Sue).

9.    All administrative prerequisites for filing suit have been satisfied, and Plaintiff is entitled to bring this action.

## IV.  STATEMENT OF PLAINTIFF'S FACTUAL ALLEGATIONS AND CLAIMS AGAINST DEFENDANT AIRE SERV

### COUNT ONE

#### PLAINTIFF'S TITLE VII GENDER DISCRIMINATION CLAIMS

10.    Plaintiff hereby adopts and realleges paragraphs one (1) through nine (9) herein above as if fully set forth herein.

11.    Defendant AIRE SERV hired the Plaintiff in October 2021 as an HCD Coordinator.

12.    On September 9, 2022, Plaintiff was pregnant and AIRE SERV officers and employees, including Sales Manager, Cason Carrol and General Manager, Sonny Warbington, knew Plaintiff was pregnant.

13.    On September 9, 2022, Plaintiff was called into the office by Cason Carroll. Sonny Warbington was also present.

14.    In this meeting Plaintiff was informed that her employment was being terminated. When Plaintiff asked for a reason, she was told "it's best for the company right now".

15.    Plaintiff asked again for the reason for her termination and whether she

3

had done something wrong. In response, Cason Carroll stated "it's best for the company". He also stated that "it is better for the baby and your blood pressure anyway".

16. Prior to Plaintiff's termination, she had been a good employee of AIRE SERV.

17. Prior to Plaintiff's termination, she had never been written up, counseled, or otherwise disciplined for any reason.

18. In fact, later that day, as Plaintiff was gathering her personal belongings, Cason Carroll came to Plaintiff's desk and indicated to her that he would be happy to be a reference for future employment.

19. The illegal, discriminatory, and adverse actions of AIRE SERV injured Plaintiff.

20. Plaintiff is now suffering and will continue to suffer irreparable injury from AIRE SERV's unlawful policies and practices set forth herein unless enjoined by this Court.

21. Defendant AIRE SERV condoned and tolerated discrimination and other adverse actions toward Plaintiff.

22 Defendant AIRE SERV has policies regarding the prevention of gender discrimination.

23. Defendant AIRE SERV failed and/or refused to follow its anti-

discrimination policies.

24.    Defendant AIRE SERV failed and/or refused to effectively train its employees regarding its anti-discrimination policies.

25.    Defendant AIRE SERV's anti-discrimination policies are not followed or enforced by AIRE SERV and such policies are ineffective regarding the prevention of illegal discrimination in the workplace.

26.    Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs alleged herein and this suit for back pay, front pay, compensatory damages, attorney fees, expenses, costs, injunctive relief, and declaratory judgment is her only means of securing adequate relief.

27.    Plaintiff has satisfied all administrative prerequisites to bring this claim.

28.    As a proximate result of Defendant's discrimination, Plaintiff has suffered financial loss, loss of career advancement, loss of retirement, loss of benefits, embarrassment, humiliation, and emotional distress.

29.    Plaintiff seeks all equitable and/or prospective relief available at law from Defendant AIRE SERV, including, but not limited to, specific performance, declaratory judgment, reinstatement, injunctive relief, surcharge, damages, attorney's fees, reimbursement for all expenses and costs, and such other relief the Court may award.

30.    Plaintiff seeks all relief available at law from Defendant AIRE SERV,

including, but not limited to, declaratory and injunctive relief, reinstatement, lost wages, lost benefits, loss of future earnings, compensatory damages, emotional distress damages, costs, interest, and attorney's fees.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff requests that this Court adopt jurisdiction of this action and award Plaintiff the following relief:

a.      Enter a declaratory judgment that AIRE SERV's policies, practices and procedures complained of herein have violated and continue to violate the rights of the Plaintiff as secured by the Title VII of the Civil Rights Act of 1964, as amended by, among others, the Pregnancy Discrimination Act;

b.      Grant Plaintiff a permanent injunction enjoining AIRE SERV, its Agents, Successors, Employees, Attorneys, and those acting in concert with Defendant AIRE SERV or at AIRE SERV's request from violating the Title VII of the Civil Rights Act of 1964, as amended; by, among others, the Pregnancy Discrimination Act.

c.      Grant Plaintiff an Order requiring Defendant AIRE SERV to make her whole by granting appropriate declaratory and injunctive relief, awarding her lost wages, backpay, front pay, compensatory damages, interest, attorney fees, expenses, costs; and

d.      Plaintiff prays for such other, further, different, or additional relief and

benefits as justice may require.

## COUNT TWO

### PLAINTIFF'S NEGLIGENT SUPERVISION, NEGLIGENT TRAINING AND NEGLIGENT RETENTION CLAIMS AGAINST DEFENDANT AIRE SERV

31.    Plaintiff hereby adopts and realleges paragraphs one (1) through thirty (30) herein above as if fully set forth herein.

32.    Defendant AIRE SERV had a duty to provide a work environment free of sex or gender discrimination for its employees, including the Plaintiff.

33.    Defendant AIRE SERV had a duty to implement and enforce effective anti-discrimination policies.

34.    Defendant AIRE SERV had a duty to train its employees regarding any anti-discrimination policies.

35.    Defendant AIRE SERV knew or should have known of the discriminatory actions and conduct of its Sales Manager, Cason Carrol and its General Manager, Sonny Warbington as alleged in paragraphs 11 – 15 above.

36.    Defendant AIRE SERV allowed and/or condoned illegal and tortious conduct by its employees as alleged in paragraphs 11 – 15 above.

37.    Defendant AIRE SERV maliciously, deliberately, wantonly and/or negligently retained employees who engaged in illegal and tortious conduct, including, but not limited to, Cason Carrol and Sonny Warbington.

38. Defendant AIRE SERV maliciously, deliberately, wantonly and/or negligently failed to train employees who engaged in illegal and tortious conduct, including, but not limited to, Cason Carrol and Sonny Warbington.

39. Defendant AIRE SERV maliciously, deliberately, wantonly and/or negligently failed to supervise employees who engaged in illegal and tortious conduct, including, but not limited to, Cason Carrol and Sonny Warbington.

40. Defendant AIRE SERV negligently supervised, trained and/or retained Cason Carrol and Sonny Warbington and other employees.

41. Defendant AIRE SERV failed to protect employees, such as the Plaintiff, from the illegal and tortious treatment Plaintiff suffered, including, but not limited to, Plaintiff being terminated because of her pregnancy/gender.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff requests that this Court adopt jurisdiction of this action, enter a judgment against this Defendant and award Plaintiff compensatory damages to be determined by the trier of fact, punitive damages to be determined by the trier of fact, injunctive relief, expenses and costs of this suit and any other relief this Court deems appropriate, fair, just, and equitable under the circumstances of the case.

## PLAINTIFF HEREBY REQUESTS TRIAL BY STRUCK JURY

Respectfully submitted:

/s Richard A. Bearden
Counsel for Plaintiff
State Bar Number: ASB-0873-E41R
MASSEY, STOTSER & NICHOLS, P.C.
1780 Gadsden Highway
Birmingham, Alabama 35235
Phone:       (205) 838-9000
Email:        rbearden@msnattorneys.com

**PLAINTIFF'S ADDRESS**:
Ms. Shabrieka Bothwell
c/o MASSEY, STOTER & NICHOLS, PC
1780 Gadsden Highway
Birmingham, Alabama 35235

**PLEASE SERVE DEFENDANTS VIA CERTIFIED MAIL:**

AS-2, LLC d/b/a Aire Serv of Birmingham
c/o J.C. Deason, Jr., Registered Agent
2812 Ruffner Road
Birmingham, Alabama 35210

9